## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| **ALOFT MEDIA, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 6:09-cv-304 |
| ) | |
| **ORACLE CORPORATION, et al.** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Defendants.** ) | |

### DEFENDANT SCOTTRADE, INC.'S ANSWER TO FIRST AMENDED COMPLAINT

Defendant Scottrade, Inc. ("Scottrade"), by and through its counsel, answers the First Amended Complaint of Aloft Media, LLC ("Aloft") as follows:

1. Scottrade is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the First Amended Complaint and on that basis denies each and every such allegation.

2. Scottrade is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the First Amended Complaint and on that basis denies each and every such allegation.

3. Scottrade is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the First Amended Complaint and on that basis denies each and every such allegation.

4. Scottrade is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the First Amended Complaint and on that basis denies each and every such allegation.

5. Scottrade is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the First Amended Complaint and on that basis denies each and every such allegation.

6. Scottrade admits that it is a corporation organized under the laws of the State of Arizona. Scottrade further admits that its principal place of business is at 12800 Corporate Hill Drive, Suite 250, St. Louis, Missouri 63131. Scottrade also admits that its Registered Agent is CT Corporation System, 350 N. St. Paul St., Dalla, TX 75201.

7. Scottrade is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the First Amended Complaint and on that basis denies each and every such allegation.

8. Scottrade is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the First Amended Complaint and on that basis denies each and every such allegation.

9. Scottrade is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the First Amended Complaint and on that basis denies each and every such allegation.

10. Scottrade is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the First Amended Complaint and on that basis denies each and every such allegation.

11. Scottrade is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the First Amended Complaint and on that basis denies each and every such allegation.

12. Scottrade is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the First Amended Complaint and on that basis denies each and every such allegation.

13. Scottrade admits that this action purports to assert a claim of patent infringement under the patent laws of the United States. Scottrade further admits that 28 U.S.C. §1331 gives the district courts original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. Scottrade further admits that 28 U.S.C. § 1338(a) gives the district court original jurisdiction of any civil action arising under any Act of Congress relating to patents. Scottrade expressly denies each and every allegation contained in paragraph 13 of the First Amended Complaint not specifically admitted.

14. Scottrade admits that venue is proper in this district. Scottrade further admits it has transacted and does transact business in the Eastern District of Texas. Scottrade denies it has "committed and/or induced acts of patent infringement in this district" and specifically denies that Alofts's claims against Scottrade have any merit. Scottrade denies each and every allegation of paragraph 14 of the First Amended Complaint not specifically admitted.

15. Scottrade admits that it regularly does or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from services provided to individuals in Texas and in this Judicial District. Scottrade denies that it has committed any acts of infringement as alleged and specifically denies that Aloft's claims of infringement against Scottrade have any merit. Scottrade expressly denies each and every allegation contained in paragraph 15 of the First Amended Complaint not specifically admitted.

16. Scottrade is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the First Amended Complaint and on that basis denies each and every such allegation.

17. Scottrade is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the First Amended Complaint and on that basis denies each and every such allegation.

18. Scottrade is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the First Amended Complaint and on that basis denies each and every such allegation.

19. Scottrade is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the First Amended Complaint and on that basis denies each and every such allegation.

20. Scottrade denies each and every allegation of paragraph 20 of the First Amended Complaint.

21. Scottrade is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the First Amended Complaint and on that basis denies each and every such allegation.

22. Scottrade is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the First Amended Complaint and on that basis denies each and every such allegation.

23. Scottrade is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the First Amended Complaint and on that basis denies each and every such allegation.

24. Scottrade is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the First Amended Complaint and on that basis denies each and every such allegation.

25. Scottrade is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the First Amended Complaint and on that basis denies each and every such allegation.

26. As to the allegations relating to defendants Oracle, Fair Isaac, Fidelity, Ameritrade, Halliburton, E-Trade, Charles Schwab, and SAP, Scottrade is without knowledge or information sufficient to form a belief as to the truth of those allegations of paragraph 26 of the First Amended Complaint and on that basis denies each and every such allegation. Scottrade denies each and every remaining allegation of paragraph 26 of the First Amended Complaint.

27. Scottrade is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the First Amended Complaint and on that basis denies each and every such allegation.

28. Scottrade is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the First Amended Complaint and on that basis denies each and every such allegation.

29. Scottrade is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the First Amended Complaint and on that basis denies each and every such allegation.

30. Scottrade is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the First Amended Complaint and on that basis denies each and every such allegation.

31. Scottrade denies each and every allegation of paragraph 31 of the First Amended Complaint.

32. Scottrade is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the First Amended Complaint and on that basis denies each and every such allegation.

33. Scottrade is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the First Amended Complaint and on that basis denies each and every such allegation.

34. Scottrade is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the First Amended Complaint and on that basis denies each and every such allegation.

35. Scottrade is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the First Amended Complaint and on that basis denies each and every such allegation.

36. Scottrade is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the First Amended Complaint and on that basis denies each and every such allegation.

37. Scottrade is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the First Amended Complaint and on that basis denies each and every such allegation.

38. As to the allegations relating to defendants Oracle, Fair Isaac, Fidelity, Ameritrade, Halliburton, E-Trade, Charles Schwab, and SAP, Scottrade is without knowledge or information sufficient to form a belief as to the truth of those allegations of paragraph 38 of the

First Amended Complaint and on that basis denies each and every such allegation. Scottrade denies each and every remaining allegation of paragraph 26 of the First Amended Complaint.

**FIRST AFFIRMATIVE DEFENSE**

39. Scottrade has not directly or indirectly infringed, contributed to, or induced the infringement of any valid claim of the '898 Patent.

**SECOND AFFIRMATIVE DEFENSE**

40. Scottrade has not directly or indirectly infringed, contributed to, or inducted the infringement of any valid claim of the '910 Patent.

**THIRD AFFIRMATIVE DEFENSE**

41. The claims of the '898 Patent are invalid and/or unenforceable for failure to meet the requirements of one or more sections of Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**FOURTH AFFIRMATIVE DEFENSE**

42. The claims of the '910 Patent are invalid and/or unenforceable for failure to meet the requirements of one or more sections of Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**FIFTH AFFIRMATIVE DEFENSE**

43. To the extent that Aloft attempts to construe the scope of protection of one or more of the claims of the '898 Patent to cover any product or process made, used, sold, or offered for sale by Scottrade, then such claims and the purported inventions defined thereby are invalid and unenforceable as failing to meet the requirements of Title 35 of the United States Code.

**SIXTH AFFIRMATIVE DEFENSE**

44. To the extent that Aloft attempts to construe the scope of protection of one or more of the claims of the '910 Patent to cover any product or process made, used, sold, or offered fro sale by Scottrade, then such claims and the purported inventions defined thereby are invalid and unenforceable as failing to meet the requirements of Title 35 of the United States Code.

**SEVENTH AFFIRMATIVE DEFENSE**

45. By reason of its acts, representations and omissions during prosecution before the United States Patent and Trademark Office of the applications which resulted in the '898 Patent, Aloft is estopped to assert that any claim of the '898 Patent is of such scope to cover any product or process made, used, sold, or offered for sale by Scottrade.

**EIGHTH AFFIRMATIVE DEFENSE**

46. By reason of its acts, representations and omissions during prosecution before the United States Patent and Trademark Office of the applications which resulted in the '910 Patent, Aloft is estopped to assert that any claim of the '910 Patent is of such scope to cover any product or process made, used, sold, or offered for sale by Scottrade.

**NINTH AFFIRMATIVE DEFENSE**

47. Aloft is barred from recovery in this action in that it has engaged in patent misuse by attempting to impermissibly broaden the scope of the '898 Patent to cover Scottrade's ScottradeELITE technology, resulting in an anti-competitive effect.

### TENTH AFFIRMATIVE DEFENSE

48. Aloft is barred from recovery in this action in that it has engaged in patent misuse by attempting to impermissibly broaden the scope of the '910 Patent to cover Scottrade's ScottradeELITE technology, resulting in an anti-competitive effect.

### ELEVENTH AFFIRMATIVE DEFENSE

49. Each count of Aloft's First Amended Complaint fails to state a claim upon which relief may be granted.

### COUNTERCLAIMS

50. Defendants/counterclaimant Scottrade incorporates by reference its answers and affirmative defenses as set forth above in paragraphs 1 through 49 as if fully set for the herein and asserts the following counterclaims against Plaintiff/counterclaim defendant Aloft Media, LLC.

### Parties

51. Scottrade is an Arizona corporation with its principal place of business at 12800 Corporate Hill Drive, St. Louis, Missouri 63131.

52. Plaintiff Aloft Media, LLC alleges in its First Amended Complaint that it is a limited liability company organized under the laws of the State of Texas with its principal place of business at 211 W. Tyler Street, Suite C-1, Longview, Texas 75601.

### Jurisdiction and Venue

53. These counter claims include claims for declaratory judgment of patent non-infringement and thus jurisdiction is proper under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. § 100, et seq., concerning actions related to patents and 28 U.S.C. § 1338.

54. Aloft alleges that the '898 Patent, entitled "Decision-Making System, Method and Computer Program Product" was issued on March 3, 2009.

55. Aloft alleges that the '910 Patent, entitled "Decision-Making System, Method and Computer Program Product" was issued on September 22, 2009.

56. Aloft, through this lawsuit, has asserted and continues to assert that Scottrade's promotion and/or sale of its ScottradeELITE product/services somehow constitute infringement of any claims of the '898 or '910 Patents.

57. Scottrade is not infringing and is not threatening to infringe any claim of the '898 Patent.

58. Scottrade is not infringing and is not threatening to infringe any claim of the '910 Patent.

59. The '898 Patent is invalid, unenforceable and/or void.

60. The '910 Patent is invalid, unenforceable and/or void.

61. Aloft, through this lawsuit, has created a substantial controversy, between itself and Scottrade, of sufficient immediacy and reality to warrant relief.

**Count One – Declaratory Relief Regarding Non-Infringement of '898 Patent**

62. Scottrade re-alleges the allegations of the previous paragraphs of its counterclaims.

63. None of the claims of the '898 Patent have been directly infringed by Scottrade.

64. None of the claims of the '898 Patent have been contributorily infringed by Scottrade.

65. None of the claims of the '898 Patent have been infringed by active inducement by Scottrade.

66. Based on Aloft's filing of its suit and Scottrade's Affirmative Defenses, an actual substantial controversy of sufficient immediacy and reality has arisen and now exists between the parties as to whether or not Scottrade has infringed any claim of the '196 Patent.

67. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., Scottrade requests a declaration from the Court that Scottrade does not infringe any claim of the '898 Patent either directly, contributorily, or by inducement.

**Count Two – Declaratory Relief Regarding Non-Infringement of '910 Patent**

68. Scottrade re-alleges the allegations of the previous paragraphs of its counterclaims.

69. None of the claims fo the '910 Patent have been directly infringed by Scottrade.

70. None of the claims of the '910 Patent have been contributorily infringed by Scottrade.

71. None of the claims of the '910 Patent have been infringed by active inducement by Scottrade.

72. Based on Aloft's filing of its suit and Scottrade's Affirmative Defenses, an actual substantial controversy of sufficient immediacy and reality has arisen and now exists between the parties as to whether or not Scottrade has infringed any claim of the '910 Patent.

73. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., Scottrade requests a declaration from the Court that Scottrade does not infringe any claim of the '910 Patent either directly, contributorily, or by inducement.

**Count Three – Declaratory Relief Regarding Invalidity of '898 Patent**

74. Scottrade re-alleges the allegations of the previous paragraphs of its counterclaims.

75. The asserted claims fo the '898 Patent are invalid for failure to comply with the grounds specified in Part II of Title 35 United States Code as a condition for patentability, and, in particular, 35 U.S.C. §§ 102, 103, and 112.

76. Prior art to the '898 Patent renders the asserted claims invalid under 35 U.S.C. §§ 102 and/or 103.

77. Based on Aloft's filing of its suit and Scottrade's Affirmative Defenses, an actual substantial controversy of sufficient immediacy and reality has arisen and now exists between the partes as to the validity of the claims of the '898 Patent.

78. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., Scottrade requests a declaration from the Court that each of the claims of the '898 Patent is invalid, unenforceable, and/or void because if fails to comply with the provisions of the patent laws, 35 U.S.C. § 100 et seq., including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Count Four – Declaratory Relief Regarding Invalidity of '910 Patent**

79. Scottrade re-alleges the allegations of the previous paragraphs of its counterclaims.

80. The asserted claims fo the '910 Patent are invalid for failure to comply with the grounds specified in Part II of Title 35 United States Code as a condition for patentability, and, in particular, 35 U.S.C. §§ 102, 103, and 112.

81. Prior art to the '910 Patent renders the asserted claims invalid under 35 U.S.C. §§ 102 and/or 103.

82. Based on Aloft's filing of its suit and Scottrade's Affirmative Defenses, an actual substantial controversy of sufficient immediacy and reality has arisen and now exists between the parties as to the validity of the claims of the '910 Patent.

83. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq., Scottrade requests a declaration from the Court that each of the claims of the '910 Patent is invalid, unenforceable, and/or void because it fails to comply with the provisions of the patent laws, 35 U.S.C. § 100, et seq., including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, Scottrade, Inc. prays that this Court enter judgment:

A. A declaration that Scottrade has not infringed any claim of the '898 Patent;

B. A declaration that Scottrade has not infringed any claim of the '910 Patent;

C. A declaration that each of the claims of the '898 Patent is invalid;

D. A declaration that each of the claims of the '910 Patent is invalid;

E. A declaration that each of the claims of the '898 Patent is unenforceable;

F. A declaration that each of the claims of the '910 Patent is unenforceable;

G. A judgment that all claims against Scottrade be dismissed with prejudice;

H. A declaration that the asserted claims of the '898 Patent cannot validly cover Scottrade's accused acts and systems;

I. A declaration that the asserted claims of the '910 Patent cannot validly cover Scottrade's accused acts and systems;

J. A finding that this case is exceptional pursuant to 35 U.S.C. § 285;

K. A judgment that Aloft take nothing by way of its First Amended Complaint;

L. An award to Scottrade of its costs and disbursements in this action, including reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285 and other applicable law; and

M. An award to Scottrade of such further relief as the Court may deem appropriate.

**JURY TRIAL DEMAND**

Scottrade, Inc. demands a trial by jury on all issues triable of right by jury.

Thompson Coburn LLP

By: /s/ Jason M. Schwent
Thomas Douglass
John H. Howell
Jason M. Schwent
One US Bank Plaza
St. Louis, MO 63101
(314) 552-6000
(314) 552-7000 (fax)
tdouglass@thompsoncoburn.com
jhowell@thompsoncoburn.com
jschwent@thompsoncoburn.com

Trey Yarbrough
Bar No. 22133500
Yarbrough Wilcox, PLLC
100 E. Ferguson St., Ste. 1015
Tyler, TX 75702
(903) 595-3111
(903) 595-0191 (fax)
trey@yw-lawfirm.com

*Attorneys for Defendant Scottrade, Inc.*

## Certificate of Service

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 7th day of December, 2009. All other counsel not deemed to have consented to service in such manner will be served via facsimile transmission and/or first class mail.

       /s/ Jason M. Schwent
       Jason M. Schwent