**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **ALOFT MEDIA, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **(1)  ORACLE CORPORATION,** | § | |
| **(2)  ORACLE USA, INC.,** | § | **Civil Action No.  6:09-cv-304** |
| **(3)  FAIR ISAAC CORP.,** | § | |
| **(4)  FIDELITY BROKERAGE** | § | **JURY TRIAL DEMANDED** |
| **SERVICES, LLC,** | § | |
| **(5)  SCOTTRADE, INC.,** | § | |
| **(6)  TD AMERITRADE, INC.,** | § | |
| **(7)  HALLIBURTON CO.,** | § | |
| **(8)  E-TRADE SECURITES, LLC,** | § | |
| **(9)  CHARLES SCHWAB & CO., INC.,** | § | |
| **(10)  SAP AG, AND** | § | |
| **(11)  SAP AMERICA, INC.** | § | |
| **Defendants.** | § | |
| | § | |
| | § | |

## SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff Aloft Media, LLC ("Aloft Media") complains against Oracle Corporation and Oracle USA, Inc. (collectively "Oracle"), Fair Isaac Corporation ("Fair Isaac"), Fidelity Brokerage Services, LLC ("Fidelity"), Scottrade, Inc. ("Scottrade"), TD Ameritrade, Inc. ("Ameritrade"), Halliburton Company ("Halliburton"), E-Trade Securities, LLC ("E-Trade"), Charles Schwab & Co., Inc. ("Charles Schwab"), SAP AG and SAP America, Inc. (collectively "SAP"), (collectively "Defendants") as follows:

## PARTIES

1.      Plaintiff Aloft Media is a Texas limited liability company with its principal place of business at 211 W. Tyler Street, Suite C-1, Longview, Texas 75601.

2.      Upon information and belief, Defendant Oracle Corporation is a Delaware corporation with its corporate headquarters and principal place of business at 500 Oracle Parkway, Redwood City, California 94065. Service of process may be had on Oracle Corporation's Registered Agent, Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas.

3.      Upon information and belief, Defendant Oracle USA, Inc. is a Colorado corporation with its corporate headquarters and principal place of business at 500 Oracle Parkway, Redwood City, California 94065.  Service of process may be had on Oracle USA's Registered Agent, Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

4.      Upon information and belief, Fair Isaac is a Delaware corporation with its principal place of business at 901 Marquette Avenue, Suite 3200, Minneapolis, MN 55402.  Fair Isaac may be served with process through its Registered Agent, Corporation Service Company, D/B/A CSC-Lawyers INCO, 701 Brazos Street, Suite 1050, Austin, TX 78701.

5.      Upon information and belief, Fidelity is a Delaware corporation with its principal place of business at 82 Devonshire St., Boston, MA 02109.  Fidelity may be served with process through its Registered Agent, Richelle Kennedy, FMR LLC Legal Dept., Devonshire St., F6B, Boston, MA 02109.

6.      Upon information and belief, Scottrade is an Arizona corporation with its principal place of business at 12800 Corporate Hill Dr., Suite 250, Saint Louis, MO 63131.  Scottrade may

be served with process through its Registered Agent, CT Corporation System, 350 N.  St Paul St., Dallas, TX 75201.

7.      Upon information and belief, Ameritrade is a New York corporation with its principal place of business at 31 W. 52nd St Fl. 19, New York, NY 10019.  Ameritrade may be served with process through its Registered Agent, Corporation Service Company, D/B/A CSC-Lawyers INCO, 701 Brazos Street, Suite 1050, Austin, TX 78701.

8.      Upon information and belief, Halliburton is a Delaware corporation with its principal place of business at 10200 Bellaire Blvd, Houston, TX 77072.  Halliburton may be served with process through its Registered Agent, CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

9.      Upon information and belief, E-Trade is a Delaware corporation with its principal place of business at 135 East 57th Street, New York, NY 10022.  E-Trade may be served with process through its Registered Agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

10.     Upon information and belief, Charles Schwab is a Delaware corporation with its principal place of business at 101 Montgomery Street, San Francisco, CA 90017.  Charles Schwab may be served with process through its Registered Agent, CT Corporation System, 350 North Saint Paul Street, Dallas, TX 75201.

11.     Upon information and belief, Defendant SAP AG is a German corporation with its principal place of business at Dietmar-Hopp-Allee 16, 69190 Walldorf, Germany. SAP AG does not have a registered agent for service of process in the State of Texas.  Pursuant to the Federal Rules of Civil Procedure, service upon Defendant SAP AG is proper through the means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial

Documents, *opened for signature* Nov. 15, 1965, 20 U.S.T. 36 1, UNTS 163 ("Hague Convention").  In accordance with Articles 3 and 5 of the Hague Convention, Defendant SAP AG can be served by forwarding a properly formatted request, summons and complaint to the Central Authority of the State of Baten-Wurttemberg of the Federal Republic of Germany, whose address is Justizministerium Baten-Wurttemberg, Schillerplatz 4, 70173 Stuttgart. Pursuant to Article 5(a) of the Hague Convention, Defendant SAP AG can be served by the Central Authority for the State of Baten-Wurttemberg in the method prescribed by the internal laws of the Federal Republic of Germany for the service of document in domestic actions upon persons who are within its territory.

12.    Upon information and belief, Defendant SAP America, Inc. is a Delaware corporation authorized to do business in the State of Texas with its principal place of business at 3999 West Chester Pike, Newtown Square, Pennsylvania. Service of process may be had on SAP America, Inc.'s registered agent, CT Corporation System, located at 350 N. St. Paul St., Dallas, Texas 75201.

## JURISDICTION AND VENUE

13.    This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

14.    Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, each Defendant has transacted business in this district and has committed and/or induced acts of patent infringement in this district.

15.    On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to

their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## INFRINGEMENT OF U.S. PATENT NO. 7,499,898

16.    Aloft Media is the owner by assignment of United States Patent No. 7,499,898 ("the '898 patent") titled "Decision-Making System, Method and Computer Program Product." The '898 patent issued on March 3, 2009.

17.    Upon information and belief, Oracle is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '898 patent in the State of Texas, in this judicial district, and elsewhere in the United States.   Oracle's infringements include, among other things, making, using, offering for sale, and/or selling computer program products, including without limitation Oracle Business Intelligence.  Oracle is thus liable for infringement of the '898 patent pursuant to 35 U.S.C. § 271.

18.    On information and belief, Fair Isaac has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '898 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Fair Isaac's infringements include, among other things, making, using, offering for sale, and/or selling computer program products, including without limitation Fair Isaac FICO Decision Optimizer.  Fair Isaac is thus liable for infringement of the '898 patent pursuant to 35 U.S.C. § 271.

19.    On information and belief, Fidelity has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '898

patent in the State of Texas, in this judicial district, and elsewhere in the United States. Fidelity's infringements include, among other things, making, using, offering for sale, and/or selling computer program products, including without limitation Fidelity Wealth-Lab Pro. Fidelity is thus liable for infringement of the '898 patent pursuant to 35 U.S.C. § 271.

20.     On information and belief, Scottrade has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '898 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Fidelity's infringements include, among other things, making, using, offering for sale, and/or selling computer program products, including without limitation ScottradeELITE Trading Platform.  Scottrade is thus liable for infringement of the '898 patent pursuant to 35 U.S.C. § 271.

21.     On information and belief, Ameritrade has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '898 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Ameritrade's infringements include, among other things, making, using, offering for sale, and/or selling computer program products, including without limitation TD Ameritrade Strategy Desk. Ameritrade is thus liable for infringement of the '898 patent pursuant to 35 U.S.C. § 271.

22.     On information and belief, Halliburton has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '898 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Halliburton's infringements include, among other things, making, using, offering for sale, and/or selling computer program products, including without limitation Halliburton Decision

Management System (DMS).  Halliburton is thus liable for infringement of the '898 patent pursuant to 35 U.S.C. § 271.

23.    On information and belief, E-Trade has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '898 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  ETrade's infringements include, among other things, making, using, offering for sale, and/or selling computer program products, including without limitation E-Trade Strategy Scanner.  ETrade is thus liable for infringement of the '898 patent pursuant to 35 U.S.C. § 271.

24.    On information and belief, Charles Schwab has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '898 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Charles Schwab's infringements include, among other things, making, using, offering for sale, and/or selling computer program products, including without limitation Charles Schwab Strategy Tester.  Charles Schwab is thus liable for infringement of the '898 patent pursuant to 35 U.S.C. § 271.

25.    As a result of the Defendants' infringement of the '898 patent, Aloft Media has suffered monetary damages that are compensable under 35 U.S.C. § 284 adequate to compensate it for the infringement, but in no event less than a reasonable royalty.

**INFRINGEMENT OF U.S. PATENT NO. 7,593,910**

26.    Aloft Media is the owner by assignment of United States Patent No. 7,593,910 ("the '910 patent") titled "Decision-Making System, Method and Computer Program Product."  The '910 patent issued on September 22, 2009.

27.     Upon information and belief, Oracle is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '910 patent in the State of Texas, in this judicial district, and elsewhere in the United States.   Oracle's infringements include, among other things, making, using, offering for sale, and/or selling computer program products, including without limitation Oracle Business Intelligence.  Oracle is thus liable for infringement of the '910 patent pursuant to 35 U.S.C. § 271.

28.     On information and belief, Fair Isaac has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '910 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Fair Isaac's infringements include, among other things, making, using, offering for sale, and/or selling computer program products, including without limitation Fair Isaac FICO Decision Optimizer.  Fair Isaac is thus liable for infringement of the '910 patent pursuant to 35 U.S.C. § 271.

29.     On information and belief, Fidelity has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '910 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Fidelity's infringements include, among other things, making, using, offering for sale, and/or selling computer program products, including without limitation Fidelity Wealth-Lab Pro.  Fidelity is thus liable for infringement of the '910 patent pursuant to 35 U.S.C. § 271.

30.     On information and belief, Scottrade has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '910 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Fidelity's infringements include, among other things, making, using, offering for sale, and/or

selling computer program products, including without limitation ScottradeELITE Trading Platform.  Scottrade is thus liable for infringement of the '910 patent pursuant to 35 U.S.C. § 271.

31.     On information and belief, Ameritrade has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '910 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Ameritrade's infringements include, among other things, making, using, offering for sale, and/or selling computer program products, including without limitation TD Ameritrade Strategy Desk. Ameritrade is thus liable for infringement of the '910 patent pursuant to 35 U.S.C. § 271.

32.     On information and belief, Halliburton has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '910 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Halliburton's infringements include, among other things, making, using, offering for sale, and/or selling computer program products, including without limitation Halliburton Decision Management System (DMS).  Halliburton is thus liable for infringement of the '910 patent pursuant to 35 U.S.C. § 271.

33.     On information and belief, E-Trade has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '910 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  ETrade's infringements include, among other things, making, using, offering for sale, and/or selling computer program products, including without limitation E-Trade Strategy Scanner.  ETrade is thus liable for infringement of the '910 patent pursuant to 35 U.S.C. § 271.

34.     On information and belief, Charles Schwab has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '910 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Charles Schwab's infringements include, among other things, making, using, offering for sale, and/or selling computer program products, including without limitation Charles Schwab Strategy Tester.  Charles Schwab is thus liable for infringement of the '910 patent pursuant to 35 U.S.C. § 271.

35.     Upon information and belief, SAP is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '910 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  SAP's infringements include, among other things, making, using, offering for sale, and/or selling computer software products, including without limitation SAP's BusinessObjects.  SAP is thus liable for infringement of the '910 patent pursuant to 35 U.S.C. § 271.

36.     On information and belief, to the extent any marking was required by 35 U.S.C. § 287, such requirements have been met.

37.     As a result of the Defendants' infringement of the '910 patent, Aloft Media has suffered monetary damages that are compensable under 35 U.S.C. § 284 adequate to compensate it for the infringement, but in no event less than a reasonable royalty.

## **PRAYER FOR RELIEF**

WHEREFORE, Aloft Media requests that this Court enter:

A.     A judgment in favor of Aloft Media that Defendants have directly, and/or by way of inducing infringement by others, and/or contributing to infringement by others, infringed the '898 patent;

B.      A judgment in favor of Aloft Media that Defendants have directly, and/or by way of inducing infringement by others, and/or contributing to infringement by others, infringed the '910 patent;

C.      A judgment and order requiring Defendants to pay Aloft Media its damages, costs, expenses, and prejudgment and post-judgment interest for their infringement of the '898 patent as provided under 35 U.S.C. § 284;

D.      A judgment and order requiring Defendants to pay Aloft Media its damages, costs, expenses, and prejudgment and post-judgment interest for their infringement of the '910 patent as provided under 35 U.S.C. § 284; and

E.      Any and all other relief for which the Court may deem Aloft Media entitled.

## DEMAND FOR JURY TRIAL

Aloft Media, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully submitted,

Eric M. Albritton
Texas Bar No. 00790215
Adam Biggs
Texas Bar No. 24051753
Matthew C. Harris
Texas Bar No. 24059904
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397
ema@emafirm.com
aab@emafirm.com
mch@emafirm.com

T. John Ward, Jr.
State Bar No. 00794818
Ward & Smith Law Firm
P.O. Box 1231
Longview, Texas 75606-1231
Telephone: 903-757-6400
Facsimile: 903-757-2323
jw@jwfirm.com

Danny L. Williams
Texas Bar No. 21518050
Christopher N. Cravey
Texas Bar No. 24034398
Matthew R. Rodgers
Texas Bar No. 24041802
Michael A. Benefield
Indiana Bar No. 24560-49
WILLIAMS, MORGAN & AMERSON, P.C.
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713)934-7000
Facsimile: (713) 934-7011
danny@wmalaw.com
ccravey@wmalaw.com
mrodgers@wmalaw.com
mbenefield@wmalaw.com

*Counsel for Aloft Media, LLC*