# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **ALOFT MEDIA, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | Civil Action No. 6:09-cv-304 |
| v. | § | |
| | § | |
| **ORACLE CORPORATION, et al.** | § | JURY TRIAL DEMANDED |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |

## PLAINTIFF ALOFT MEDIA, LLC'S ANSWER TO DEFENDANT SCOTTRADE, INC.'S ANSWER AND COUNTERCLAIMS TO SECOND AMENDED COMPLAINT

Plaintiff Aloft Media, LLC ("Aloft") responds to each of the numbered paragraphs of the counterclaims of Scottrade, Inc. ("Scottrade"), as set forth in its answer to Plaintiff's Second Amended Complaint for Patent Infringement as follows:

### COUNTERCLAIMS

49. Aloft admits that Scottrade purports to incorporate by reference paragraphs 1 through 48 of its answer and affirmative defenses but denies the allegations in those paragraphs unless specifically admitted herein.

### PARTIES

50. Admitted.

51. Admitted.

### Jurisdiction and Venue

52. Aloft admits that this Court has subject matter jurisdiction, otherwise denied.

53. Admitted.

54. Admitted.

55. Admitted.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Aloft admits that a controversy exists for purposes of declaratory judgment jurisdiction but denies that Scottrade's counterclaims have any merit whatsoever.

**Count One – Declaratory Relief Regarding Non-Infringement of '898 Patent**

61. Aloft admits that Scottrade re-alleges the allegations of the previous paragraphs of its counterclaims, but Aloft denies the allegations in those paragraphs unless specifically admitted herein.

62. Denied.

63. Denied.

64. Denied.

65. Aloft admits that an actual controversy exists for purposes of declaratory judgment jurisdiction but denies that Scottrade's counterclaims have any merit whatsoever.

66. Aloft admits that Scottrade seeks a declaratory judgment of non-infringement but denies that Scottrade's counterclaims have any merit whatsoever.

**Count Two – Declaratory Relief Regarding Non-Infringement of '910 Patent**

67. Aloft admits that Scottrade re-alleges the allegations of the previous paragraphs of its counterclaims, but Aloft denies the allegations in those paragraphs unless specifically admitted herein.

68. Denied.

69. Denied.

70. Denied.

71. Aloft admits that an actual controversy exists for purposes of declaratory judgment jurisdiction but denies that Scottrade's counterclaims have any merit whatsoever.

72. Aloft admits that Scottrade seeks a declaratory judgment of non-infringement but denies that Scottrade's counterclaims have any merit whatsoever.

**Count Three – Declaratory Relief Regarding Invalidity of '898 Patent**

73. Aloft admits that Scottrade re-alleges the allegations of the previous paragraphs of its counterclaims, but Aloft denies the allegations in those paragraphs unless specifically admitted herein.

74. Denied.

75. Denied.

76. Aloft admits that an actual controversy exists for purposes of declaratory judgment jurisdiction but denies that Scottrade's counterclaims have any merit whatsoever.

77. Aloft admits that Scottrade seeks a declaratory judgment of invalidity but denies that Scottrade's counterclaims have any merit whatsoever. To the extent that Scottrade's reference to the "unenforceability" of the '898 patent is intended to raise a counterclaim based upon inequitable conduct, Scottrade's claim is not pled with the specificity required by F.R.C.P. 9 and should be dismissed.

**Count Four – Declaratory Relief Regarding Invalidity of '910 Patent**

78. Aloft admits that Scottrade re-alleges the allegations of the previous paragraphs of its counterclaims, but Aloft denies the allegations in those paragraphs unless specifically admitted herein.

79. Denied.

80. Denied.

81. Aloft admits that an actual controversy exists for purposes of declaratory judgment jurisdiction but denies that Scottrade's counterclaims have any merit whatsoever.

82. Aloft admits that Scottrade seeks a declaratory judgment of invalidity but denies that Scottrade's counterclaims have any merit whatsoever. To the extent that Scottrade's reference to the "unenforceability" of the '910 patent is intended to raise a counterclaim based upon inequitable conduct, Scottrade's claim is not pled with the specificity required by F.R.C.P. 9 and should be dismissed.

Aloft denies that Scottrade is entitled to any relief, and specifically denies that Scottrade is entitled to any of the relief requested in paragraphs A-M of Scottrade's Prayer for Relief.

## **DEMAND FOR JURY TRIAL**

Aloft Media, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: December 30, 2009         Respectfully submitted,

                                  Matt Rodgers_____
                                  Eric M. Albritton
                                  Texas Bar No. 00790215
                                  Adam Biggs
                                  Texas Bar No. 24051753
                                  Matthew C. Harris
                                  Texas Bar No. 24059904

ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397
ema@emafirm.com
aab@emafirm.com
mch@emafirm.com

T. John Ward, Jr.
State Bar No. 00794818
Ward & Smith Law Firm
P.O. Box 1231
Longview, Texas 75606-1231
Telephone: 903-757-6400
Facsimile: 903-757-2323
jw@jwfirm.com

Danny L. Williams
Texas Bar No. 21518050
Christopher N. Cravey
Texas Bar No. 24034398
Matthew R. Rodgers
Texas Bar No. 24041802
Michael A. Benefield
Indiana Bar No. 24560-49
WILLIAMS, MORGAN & AMERSON, P.C.
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713)934-7000
Facsimile: (713) 934-7011
danny@wmalaw.com
ccravey@wmalaw.com
mrodgers@wmalaw.com
mbenefield@wmalaw.com

*Counsel for Aloft Media, LLC*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by facsimile transmission and/or first class mail this 30th day of December, 2009.


                          __/s/ Connie Kuykendall_____