IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ALOFT MEDIA, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. 6:09-CV-304 |
| | § | |
| (1) ORACLE CORPORATION, | § | JURY TRIAL DEMANDED |
| (2) ORACLE USA, INC., | § | |
| (3) FAIR ISAAC CORP., | § | |
| (4) FIDELITY BROKERAGE | § | |
| SERVICES, LLC, | § | |
| (5) SCOTTRADE, INC., | § | |
| (6) TD AMERITRADE, INC., | § | |
| (7) HALLIBURTON CO., | § | |
| (8) E-TRADE SECURITIES, LLC, | § | |
| (9) CHARLES SCHWAB & CO., INC., | § | |
| (10) SAP AG, AND | § | |
| (11) SAP AMERICA, INC. | § | |
| | § | |
| Defendants. | | |

**DEFENDANT HALLIBURTON COMPANY'S ORIGINAL ANSWER**

Defendant Halliburton Company ("Halliburton") files its Original Answer to Plaintiff Aloft Media, LLC's ("Plaintiff") Second Amended Complaint for Patent Infringement and shows the Court the following:

## PARTIES

1. Halliburton lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and, therefore, Halliburton denies those allegations.

2. Halliburton lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and, therefore, Halliburton denies those allegations.

3. Halliburton lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and, therefore, Halliburton denies those allegations.

4. Halliburton lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and, therefore, Halliburton denies those allegations.

5. Halliburton lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and, therefore, Halliburton denies those allegations.

6. Halliburton lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and, therefore, Halliburton denies those allegations.

7. Halliburton lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and, therefore, Halliburton denies those allegations.

8. Halliburton admits that it is a Delaware corporation with its principal place of business at 10200 Bellaire Blvd., Houston, TX 77072. Halliburton also admits that it may be

served with process through its registered agent CT Corporation Sytems, 350 N. St. Paul Street, Dallas, Texas 75201.

9. Halliburton lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and, therefore, Halliburton denies those allegations.

10. Halliburton lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and, therefore, Halliburton denies those allegations.

11. Halliburton lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and, therefore, Halliburton denies those allegations.

12. Halliburton lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and, therefore, Halliburton denies those allegations.

## **JURISDICTION AND VENUE**

13. Halliburton admits that this Court has subject matter jurisdiction over this dispute. Halliburton denies the remaining allegations contained in Paragraph 13 of the Complaint

14. Halliburton denies the allegations contained in Paragraph 14 of the Complaint.

15. Halliburton denies the allegations contained in Paragraph 15 of the Complaint as related to Halliburton. As to the other defendants, Halliburton lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 of the Complaint and, therefore, Halliburton denies those allegations.

## INFRINGEMENT OF U.S. PATENT NO. 7,499,898

16. Halliburton admits that United States Patent No. 7,499,898 issued on March 3, 2009 and is entitled "Decision-Making System, Method and Computer Program Product." Halliburton lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of the Complaint and, therefore, Halliburton denies those allegations.

17. Halliburton lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and, therefore, Halliburton denies those allegations.

18. Halliburton lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and, therefore, Halliburton denies those allegations.

19. Halliburton lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and, therefore, Halliburton denies those allegations.

20. Halliburton lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and, therefore, Halliburton denies those allegations.

21. Halliburton lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and, therefore, Halliburton denies those allegations.

22. Halliburton denies the allegations contained in Paragraph 22 of the Complaint.

Dallas 291549v3

23. Halliburton lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and, therefore, Halliburton denies those allegations.

24. Halliburton lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and, therefore, Halliburton denies those allegations.

25. Halliburton denies the allegations contained in Paragraph 25 of the Complaint as related to Halliburton. As to the other defendants, Halliburton lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25 of the Complaint and, therefore, Halliburton denies those allegations.

## **INFRINGEMENT OF U.S. PATENT NO. 7,593,910**

26. Halliburton admits that United States Patent No. 7,593,910 issued on September 22, 2009 and is entitled "Decision-Making System, Method and Computer Program Product." Halliburton lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26 of the Complaint and, therefore, Halliburton denies those allegations.

27. Halliburton lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and, therefore, Halliburton denies those allegations.

28. Halliburton lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and, therefore, Halliburton denies those allegations.

29. Halliburton lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and, therefore, Halliburton denies those allegations.

30. Halliburton lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and, therefore, Halliburton denies those allegations.

31. Halliburton lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and, therefore, Halliburton denies those allegations.

32. Halliburton denies the allegations contained in Paragraph 32 of the Complaint.

33. Halliburton lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and, therefore, Halliburton denies those allegations.

34. Halliburton lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint and, therefore, Halliburton denies those allegations.

35. Halliburton lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint and, therefore, Halliburton denies those allegations.

36. Halliburton lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint and, therefore, Halliburton denies those allegations.

37. Halliburton denies the allegations contained in Paragraph 37 of the Complaint as related to Halliburton. As to the other defendants, Halliburton lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 37 of the Complaint and, therefore, Halliburton denies those allegations.

## PRAYER FOR RELIEF

38. Halliburton denies that Plaintiff is entitled to any form of relief, including that sought in Plaintiff's prayer for relief.

## JURY DEMAND

39. Halliburton demands a trial by jury on all issues so triable.

## .AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Halliburton does not infringe either literally or under the doctrine of equivalents, any claim of U.S. Patent Nos. 7,499,898 and 7,593,910 (the "patents-in-suit").

### SECOND AFFIRMATIVE DEFENSE

2. Halliburton has not and does not contribute to or induce infringement by others of any claim of the patents-in-suit, either literally or under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE

3. The claims of the patents-in-suit are invalid and unenforceable for failing to satisfy one or more conditions of patentability set forth in Part II of Title 35 of the United States Code, including but not limited to Sections 101, 102, 103, 112, and 132.

Dallas 291549v3

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff is estopped from construing any valid claim of the patents-in-suit to cover or include, either literally or by application of the doctrine of equivalents, any method or system manufactured, used, imported, sold, or offered for sale by Halliburton because of admissions and statements made to the United States Patent and Trademark Office ("USPTO") or because of amendments made to the claims of the patents-in-suit or related patents during the prosecution of the applications leading to the issuance of the patents-in-suit or related patents.

## FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff is estopped by reason of prosecution history estoppel from asserting infringement of the patents-in-suit by application of the doctrine of equivalents.

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff is not entitled to injunctive relief because any alleged injury to the Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

## SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's claims are barred in whole or part by the doctrines of waiver, laches and/or estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

8. The patents-in-suit are unenforceable because Plaintiff has unclean hands and/or has misused the patents-in-suit by attempting to enforce them despite knowing that they are invalid, unenforceable, and/or not infringed by products, methods, or systems manufactured, used, imported, sold, or offered for sale by Halliburton.

Dallas 291549v3

## NINTH AFFIRMATIVE DEFENSE

9. Plaintiff is estopped from asserting a construction of any claim of the patents-in-suit in any manner inconsistent with prior positions taken before the United States Patent and Trademark Office or any court.

## COUNTERCLAIMS

For its Counterclaims against Aloft Media, LLC ("Counterclaim-Defendant"), Counterclaim-Plaintiff Halliburton alleges as follows:

## JURISDICTION

1. This is an action for Declaratory Relief for which this Court has jurisdiction under 28 U.S.C. §§ 1331, 1338, 1367(a), and 2201.

2. This Court has personal jurisdiction over Counterclaim-Defendant. Counterclaim-Defendant has consented to the personal jurisdiction of this Court by bringing this action.

3. Venue for Halliburton's Counterclaims is proper in this judicial district pursuant to 28 U.S.C. § 1391. Counterclaim-Defendant has also consented to venue in this Court by bringing this action.

## PARTIES

4. Halliburton Company ("Halliburton") is a Delaware corporation with its principal place of business at 10200 Bellaire Blvd., Houston, TX 77072

5. Upon information and belief, according to its Complaint, Aloft Media is a Texas limited liability company with its principal place of business at 211 W. Tyler Street, Suite C-1, Longview, Texas 75601.

## BACKGROUND

6. Counterclaim-Defendant sued Halliburton for alleged infringement of the patents-in-suit in this Court on July 14, 2009.

7. Halliburton has denied Counterclaim-Defendant's claims of infringement and contends that the patents-in-suit are invalid and unenforceable under Title 35 of the United States Code.

8. An actual controversy has arisen and now exists between Halliburton and Counterclaim-Defendant as to the non-infringement, invalidity, and unenforceability of the patents-in-suit.

## COUNT I - DECLARATION OF NON-INFRINGEMENT

9. Halliburton restates and incorporates by reference each of the allegations of Counterclaim paragraphs 1-8.

10. Counterclaim-Defendant in this action has asserted that Halliburton is infringing the patents-in-suit by making, using, offering for sale, and/or selling computer program products, including without limitation Halliburton Decision Management System (DMS). Counterclaim-Defendant has further asserted that Halliburton is contributing to and inducing the infringement of the patents-in-suit.

11. No product made, used, offered for sale, sold, or imported by Halliburton infringes any claim of the patents-in-suit.

12. Halliburton seeks a declaration that it has not directly infringed and does not directly infringe, has not induced and does not induce infringement of, and has not contributed to

and does not contribute to infringement of, the patents-in-suit, either literally or under the doctrine of equivalents.

## COUNT II - DECLARATION OF PATENT INVALIDITY

13. Halliburton restates and incorporates by reference each of the allegations of Counterclaim paragraphs 1-12.

14. The claims of the patents-in-suit are invalid for failure to satisfy the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and/or 132.

15. Halliburton seeks a declaration that the patents-in-suit are invalid and/or unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered and counterclaimed, Halliburton prays for judgment as follows:

A. That this Court fully and finally dismiss Plaintiff's claims against Halliburton and order that Plaintiff take nothing from Halliburton;

B. That this Court find and declare that Halliburton has not infringed, in any manner, any claim of the patents-in-suit;

C. That this Court find and declare that the patents-in-suit are invalid and/or unenforceable pursuant to Title 35 of the United States Code;

D. That this Court award Halliburton all of its costs of this action;

E. That this Court find that this is an exceptional case and award Halliburton its attorneys' fees pursuant to 35 U.S.C. § 285 or otherwise; and

F. That this Court grant Halliburton such other and further relief as the Court shall deem just and proper.

**DEMAND FOR JURY TRIAL**

Counterclaim Plaintiff Halliburton demands a trial by jury on all issues so triable.

DATED: February 5, 2010

        Respectfully submitted,

        **MCKOOL SMITH, P.C.**

        By: /s/ Theodore Stevenson, III
        Theodore Stevenson, III
           Texas State Bar No. 19196650
           tstevenson@mckoolsmith.com
        Aimee Perilloux Fagan
           Texas State Bar No. 24010299
           afagan@mckoolsmith.com
        Phillip Aurentz
           Texas State Bar No. 24059404
           paurentz@mckoolsmith.com
        McKool Smith, P.C.
        300 Crescent Court, Suite 1500
        Dallas, Texas 75201
        Telephone: (214) 978-4000
        Telecopier: (214) 978-4044

        **ATTORNEYS FOR DEFENDANT**
        **HALLIBURTON COMPANY**

## CERTIFICATE OF SERVICE

The undersigned certifies that, on February 5, 2010, the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this notice was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Phillip Aurentz
Phillip Aurentz

PAGE 14
Dallas 291549v3