IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ALOFT MEDIA, LLC, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 6:09-CV-304-LED |
| | § | |
| v. | § | |
| | § | |
| ORACLE CORPORATION, *et al.*, | § | JURY TRIAL DEMANDED |
| | § | |
| Defendants. | § | |

## THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff Aloft Media, LLC ("Aloft") complains against Defendants Fair Isaac Corporation ("FICO"), Scottrade, Inc. ("Scottrade") and Halliburton Company and Halliburton Energy Services, Inc. (collectively "Halliburton"), as follows:

## PARTIES

1. Plaintiff Aloft is a Texas limited liability company having its principal place of business in Longview, Texas.

2. Upon information and belief, Defendant FICO is a Delaware corporation having its principal place of business in Minneapolis, Minnesota.

3. Upon information and belief, Defendant Scottrade is an Arizona corporation having its principal place of business in Saint Louis, Missouri.

4. Upon information and belief, Defendant Halliburton Company is a Delaware corporation having its principal place of business in Houston, Texas.

5. Upon information and belief, Defendant Halliburton Energy Services, Inc. is a Delaware corporation having its principal place of business in Houston, Texas.

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant has transacted business in this district and has committed, induced and/or contributed to acts of patent infringement in this district.

8. On information and belief, each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## INFRINGEMENT OF U.S. PATENT NO. 7,499,898

9. Aloft is the owner by assignment of United States Patent No. 7,499,898 ("the '898 patent") titled "Decision-Making System, Method and Computer Program Product." The '898 patent was duly and legally issued on March 3, 2009. A true and correct copy of the '898 patent is attached as Exhibit A.

10. On information and belief, FICO has been and now is, directly or through intermediaries, directly infringing the '898 patent in the State of Texas, in this judicial district, and elsewhere in the United States. FICO's direct infringements include, without limitation,

making, using, offering for sale and/or selling within the United States, and/or importing into the United States, computer program products, including without limitation FICO Decision Optimizer, that infringe one or more claims of the '898 patent. FICO is thus liable for infringement of the '898 patent pursuant to 35 U.S.C. § 271.

11. On information and belief, FICO has been and now is, directly or through intermediaries, inducing and/or contributing to infringement of the '898 patent by, for example, end users of computer program products, including without limitation FICO Decision Optimizer, that infringe one or more claims of the '898 patent. FICO is thus liable for further infringement of the '898 patent pursuant to 35 U.S.C. § 271.

12. On information and belief, Scottrade has been and now is, directly or through intermediaries, directly infringing the '898 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Scottrade's direct infringements include, without limitation, making, using, offering for sale and/or selling within the United States, and/or importing into the United States, computer program products, including without limitation Scottrade ELITE Trading Platform, that infringe one or more claims of the '898 patent. Scottrade is thus liable for infringement of the '898 patent pursuant to 35 U.S.C. § 271.

13. On information and belief, Scottrade has been and now is, directly or through intermediaries, inducing and/or contributing to infringement of the '898 patent by, for example, end users of computer program products, including without limitation Scottrade ELITE Trading Platform, that infringe one or more claims of the '898 patent. Scottrade is thus liable for further infringement of the '898 patent pursuant to 35 U.S.C. § 271.

14. On information and belief, Halliburton has been and now is, directly or through intermediaries, directly infringing the '898 patent in the State of Texas, in this judicial district,

3

and elsewhere in the United States. Halliburton's direct infringements include, without limitation, making, using, offering for sale and/or selling within the United States, and/or importing into the United States, computer program products, including without limitation Halliburton Decision Management System, that infringe one or more claims of the '898 patent. Halliburton is thus liable for infringement of the '898 patent pursuant to 35 U.S.C. § 271.

15. On information and belief, Halliburton has been and now is, directly or through intermediaries, inducing and/or contributing to infringement of the '898 patent by, for example, end users of computer program products, including without limitation Halliburton Decision Management System, that infringe one or more claims of the '898 patent. Halliburton is thus liable for further infringement of the '898 patent pursuant to 35 U.S.C. § 271.

16. As a result of the Defendants' infringement of the '898 patent, Aloft has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## INFRINGEMENT OF U.S. PATENT NO. 7,593,910

17. Aloft is the owner by assignment of United States Patent No. 7,593,910 ("the '910 patent") titled "Decision-Making System, Method and Computer Program Product." The '910 patent was duly and legally issued on September 22, 2009. A true and correct copy of the '910 patent is attached as Exhibit B.

18. On information and belief, FICO has been and now is, directly or through intermediaries, directly infringing the '910 patent in the State of Texas, in this judicial district, and elsewhere in the United States. FICO's direct infringements include, without limitation, making, using, offering for sale and/or selling within the United States, and/or importing into the United States, computer program products, including without limitation FICO Decision

4

Optimizer, that infringe one or more claims of the '910 patent. FICO is thus liable for infringement of the '910 patent pursuant to 35 U.S.C. § 271.

19. On information and belief, FICO has been and now is, directly or through intermediaries, inducing and/or contributing to infringement of the '910 patent by, for example, end users of computer program products, including without limitation FICO Decision Optimizer, that infringe one or more claims of the '910 patent. FICO is thus liable for further infringement of the '910 patent pursuant to 35 U.S.C. § 271.

20. On information and belief, Scottrade has been and now is, directly or through intermediaries, directly infringing the '910 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Scottrade's direct infringements include, without limitation, making, using, offering for sale and/or selling within the United States, and/or importing into the United States, computer program products, including without limitation Scottrade ELITE Trading Platform, that infringe one or more claims of the '910 patent. Scottrade is thus liable for infringement of the '910 patent pursuant to 35 U.S.C. § 271.

21. On information and belief, Scottrade has been and now is, directly or through intermediaries, inducing and/or contributing to infringement of the '910 patent by, for example, end users of computer program products, including without limitation Scottrade ELITE Trading Platform, that infringe one or more claims of the '910 patent. Scottrade is thus liable for further infringement of the '910 patent pursuant to 35 U.S.C. § 271.

22. On information and belief, Halliburton has been and now is, directly or through intermediaries, directly infringing the '910 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Halliburton's direct infringements include, without limitation, making, using, offering for sale and/or selling within the United States, and/or

importing into the United States, computer program products, including without limitation Halliburton Decision Management System, that infringe one or more claims of the '910 patent. Halliburton is thus liable for infringement of the '910 patent pursuant to 35 U.S.C. § 271.

23.     On information and belief, Halliburton has been and now is, directly or through intermediaries, inducing and/or contributing to infringement of the '910 patent by, for example, end users of computer program products, including without limitation Halliburton Decision Management System, that infringe one or more claims of the '910 patent. Halliburton is thus liable for further infringement of the '910 patent pursuant to 35 U.S.C. § 271.

24.     As a result of the Defendants' infringement of the '910 patent, Aloft has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## **PRAYER FOR RELIEF**

WHEREFORE, Aloft requests that this Court enter:

A.      A judgment in favor of Aloft that Defendants have directly infringed the '898 patent;

B.      A judgment in favor of Aloft that Defendants have induced and/or contributed to others' infringement of the '898 patent;

C.      A judgment in favor of Aloft that Defendants have directly infringed the '910 patent;

D.      A judgment in favor of Aloft that Defendants have induced and/or contributed to others' infringement of the '910 patent;

E.	A judgment and order requiring Defendants to pay Aloft its damages, costs, expenses, prejudgment and post-judgment interest, and post-judgment royalties for Defendants' infringement of the '898 patent as provided under 35 U.S.C. § 284;

F.	A judgment and order requiring Defendants to pay Aloft its damages, costs, expenses, prejudgment and post-judgment interest, and post-judgment royalties for Defendants' infringement of the '910 patent as provided under 35 U.S.C. § 284; and

G.	Any and all other relief to which the Court may deem Aloft entitled.

## DEMAND FOR JURY TRIAL

Aloft, under Federal Rule of Civil Procedure 38, requests a trial by jury of any issues so triable by right.

>	Respectfully submitted,
>
>	/s/ Eric M. Albritton
>	_____
>	Eric M. Albritton
>	Texas Bar No. 00790215
>	ema@emafirm.com
>	Adam A. Biggs
>	Texas Bar No. 24051753
>	aab@emafirm.com
>	Debra Coleman
>	Texas Bar No. 24059595
>	drc@emafirm.com
>	Matthew C. Harris
>	Texas Bar No. 24059904
>	mch@emafirm.com
>	ALBRITTON LAW FIRM
>	P.O. Box 2649
>	Longview, Texas 75606
>	Telephone: (903) 757-8449
>	Facsimile: (903) 758-7397

T. John Ward, Jr.
State Bar No. 00794818
jw@jwfirm.com
WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, Texas 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

Danny L. Williams
Texas Bar No. 21518050
danny@wmalaw.com
J. Mike Amerson
mike@wmalaw.com
Texas Bar No. 01150025
Jaison C. John
Texas State Bar No. 24002351
jjohn@wmalaw.com
Christopher N. Cravey
Texas Bar No. 24034398
ccravey@wmalaw.com
Matthew R. Rodgers
Texas Bar No. 24041802
mrodgers@wmalaw.com
Michael A. Benefield
Indiana Bar No. 24560-49
mbenefield@wmalaw.com
David Morehan
Texas Bar No. 24065790
dmorehan@wmalaw.com
WILLIAMS, MORGAN & AMERSON, P.C.
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713) 934-7000
Facsimile: (713) 934-7011

*Attorneys for Aloft Media, LLC*

## **CERTIFICATE OF SERVICE**

  The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 4, a summons in this action is being submitted for Halliburton Energy Services, Inc. to be served with a copy of this Third Amended Complaint, on this the 28th day of July 2010.

                             /s/ Eric M. Albritton
                             Eric M. Albritton